DINA CHEHATA, ESQ. (SBN 295596)
dchehata@cair.com
AMR SHABAIK, ESQ. (SBN 288109)
ashabaik@cair.com
CAMILAH HAMIDEH (SBN 347792)
chamideh@cair.com
**COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA**
2180 West Crescent Ave., Suite F
Anaheim, California 92801
(714) 776-1177

MEGAN VEES (SBN 325184)
meganv@asianlawcaucus.org
KIMBERLY LEUNG (admitted *pro hac vice*)
kimberlyl@asianlawcaucus.org
**ASIAN LAW CAUCUS**
55 Columbus Ave.
San Francisco, CA 94111
(415) 237-1577

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SALMA NASOORDEEN; HASNA AINI,

Plaintiffs,

v.

COUNTY OF ORANGE, a political subdivision; DON BARNES, in his official capacity; DOES 1 through 20,

Defendants.

Case No.: 8:25-cv-01419
*Hon. James V. Selna*

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**First Amended Complaint Filed:**
October 15, 2025

| | |
|---|---|
| Hearing Date: | November 02, 2026 |
| Time: | 1:30 p.m. |
| Judge: | Hon. James V. Selna |
| Courtroom: | 10C |

# TABLE OF CONTENTS


I. Introduction ........ 1

II. Background and Proposed Amendments ........ vi

- A. Procedural History ........ 2
- B. Additional Facts Plaintiffs Learned Through Discovery And Changes Contained in The Second Amended Complaint ........ 4
- C. Additional Proposed Amendments After The Parties' Meet and Confer ........ 5

IV. Legal Standard ........ 6

V. Argument ........ 7

- A. Plaintiffs' Motion Is Timely And Without Undue Delay ........ 7
- B. Granting Plaintiffs Leave To Amend Would Not Unduly Prejudice Defendants ........ 8
- C. The Remaining Factors, Bad Faith and Futility, Are Absent ........ 10

VI. Conclusion ........ 11

# TABLE OF AUTHORITIES.

**Cases**

*Argueta v. J.P. Morgan Chase*, No. CIV. 2:11-441 WBS, 2011 WL 4006686, at *1 (E.D. Cal. Sept. 8, 2011) .......... 9, 10

*Butler v. Robar Enters., Inc.*, 208 F.R.D. 621, 622–23 (C.D. Cal. 2002) .......... 6

*Ciampi v. City of Palo Alto*, No. 09-CV-02655-LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010) .......... 8

*Chang v. Cashman*, 723 F. Supp. 3d 772, 782 (N.D. Cal. 2024) .......... 8

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) .......... 6, 8

*Marceaux v. Costco Wholesale Corp.*, No. EDCV 26-03372-KK-ASX, 2026 WL 2547405, at *2 (C.D. Cal. Aug. 28, 2026) .......... 1, 7

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) .......... 10

*Pena v. Bobs Disc. Furniture, LLC*, No. EDCV 26-03319-KK-PVCX, 2026 WL 2364768, at *2 (C.D. Cal. Aug. 13, 2026) .......... 7

*SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) .......... 10

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) .......... 6

*Talwar v. Creative Labs, Inc.*, No. CV05-3375FMC(AJWX), 2007 WL 1723609, at *5 (C.D. Cal. June 14, 2007) .......... 9

**Statutes**

42 U.S.C. § 1983 .......... 2

42 U.S.C. §§ 2000cc .......... 2

Cal. Penal Code sec. 2607 ........ 3

Government Code section 815.2 ........ 4, 8

**Rules**

Fed. R. Civ. P. 15(a) ........ 1,6, 7

## I. Introduction

Plaintiffs seek leave to file a second amended complaint ("SAC," attached hereto as Exhibit A), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiffs seek to amend to name a Doe defendant, clarify the County is vicariously liable for its employees' torts, clarify factual allegations about Plaintiffs' injuries, and to further specify and streamline claims.

Pursuant to Local Rule 7-3, Plaintiffs' counsel met and conferred with Defendants' counsel. *See* Decl. of Kimberly Leung in Support of Plaintiffs' Motion for Leave to Amend ("Leung Decl."). During the parties' meet-and-confer process, Defendants raised no substantive reasons why Plaintiffs should not be granted leave to amend, yet declined to stipulate to Plaintiffs' filing of the SAC. *Id*. ¶¶ 21-2. Without Defendants' agreement, Plaintiffs had no option but to file this motion.

Plaintiffs' motion should be granted because there is no undue delay, bad faith, undue prejudice, or futility of amendment. The instant motion is based on information Plaintiffs diligently sought and obtained through discovery. Plaintiffs' motion is timely made before the November 2, 2026 deadline to add parties and amend pleadings set out in the Court's July 6, 2026 scheduling order. Dkt. No. 50. A presumption in favor of granting leave to amend therefore applies. *Marceaux v. Costco Wholesale Corp.*, No. EDCV 26-03372-KK-ASX, 2026 WL 2547405, at *2 (C.D. Cal. Aug. 28, 2026). Nor are Plaintiffs' proposed amendments futile or unduly prejudicial to Defendants. The proposed amendments naming a Doe defendant, citing County's vicarious liability on the

torts, clarifying Plaintiffs' injuries are based on information from Defendants, and Plaintiffs' remaining amendments seek only to better specify and streamline existing claims.

## II. <u>Background and Proposed Amendments</u>

This action arises from events that took place while Plaintiffs Salma Nasoordeen and Hasna Aini were in Orange County Sheriff's Department's ("OCSD") custody. Plaintiffs are Muslim women who wear the hijab as a tenet of their sincerely-held religious beliefs. On May 15, 2024, Plaintiffs were peaceably present at a nonviolent, student-led demonstration at the University of California, Irvine when they were arrested and then transported and held at the Orange County Intake Release Center. During these events, Defendants forced Plaintiffs to remove their hijabs while in view of male individuals, and took photographs and videos of Plaintiffs without their hijabs, in violation of Plaintiffs' sincerely-held religious beliefs.

### *A. <u>Procedural History</u>*

Plaintiffs filed this case on June 30, 2025 against Defendants County of Orange ("Defendant County"), Sheriff-Coroner of the County Don Barnes, and Doe Defendants 1-20, asserting claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*., 42 U.S.C. § 1983 for violations of their First Amendment right to the free exercise of religion, and various state statutory and tort claims.On October 15, 2025, Plaintiffs filed the operative First Amended Complaint,

primarily to add a state law claim pursuant to California Penal Code section 2607. Defendants stipulated to Plaintiffs' First Amended Complaint. Dkt. No. 19.

From the outset of this case, Plaintiffs advised Defendants of their intention to seek leave to amend the complaint "to reflect [the Doe Defendants'] true names once they have been ascertained" through discovery. *See* Dkt. No. 1 ¶12; *see also* Dkt. No. 21 (First Am. Compl.), ¶12. Plaintiffs have reiterated this intention repeatedly since. *See*, *e.g*., Parties' Joint Scheduling Conference Report, Dkt. No. 26 ("Plaintiffs anticipate that they will seek leave to amend the complaint to add OCSD deputies and/or employees involved in Plaintiffs' arrest and processing at IRC after limited discovery to identify the Doe Defendants and their relationship with the OCSD."). The Parties' joint stipulations to extend the deadlines in the Court's scheduling order were made in part to allow additional time for discovery regarding the Doe Defendants. Dkt. Nos. 32 & 49.

Plaintiffs have diligently engaged in discovery on their claims. As early as January 16, 2026, Plaintiffs propounded written discovery seeking, among other things, identifying information regarding Defendant Does 1-20. Leung Decl. ¶1. On May 29, 2026, Plaintiffs noticed Defendant County's 30(b)(6) deposition. *Id.* ¶2. Defendants did not produce their 30(b)(6) witness for deposition until August 28, 2026. *Id*. The identities of the Doe Defendants and Plaintiffs' interactions with them were among the topics examined. *Id.* ¶3.

The Court's deadline to amend pleadings or add parties is November 2, 2026. Dkt. No. 50. Fact discovery is ongoing and ends on December 18, 2026. *Id*.

### B. *Additional Facts Plaintiffs Learned Through Discovery And Changes Contained in The Second Amended Complaint*

Based on additional facts learned through discovery, Plaintiffs now seek to substitute the real name, Jiovanni Mier, for the Defendant named as Doe Defendant 5 in the operative complaint. *See* Ex. A ¶13. Plaintiffs' amendments also clarify that, pursuant to Government Code section 815.2, the claims against Defendant Mier are against the Defendant County as well. In addition, Plaintiffs seek to amend the operative complaint to clarify Plaintiffs' injuries. Through discovery, Plaintiffs learned that, in addition to booking and release photographs, Defendant County also takes and maintains photographs of inmates as part of the County's Live Scan process. *See* Ex. A ¶¶135-41 ("OCSD's Live Scan Photographs"). Plaintiffs' proposed amendments seek to clarify that the Defendant County thus took three photographs of Plaintiffs while they were in OCSD custody: (1) a booking photo, (2) a release photo, and (3) a Live Scan photo. Plaintiffs were forced to remove their hijab for their Live Scan photos, in addition to their booking photos. *Id.* Further, Plaintiffs learned that OCSD transmits inmates' Live Scan photographs to a system that is accessible to local, state and national law enforcement agencies. Despite the Court's April 13, 2026 order, Dkt. No. 40, enjoining Defendants from maintaining Plaintiffs' images without their hijabs in such a way that they are accessed by men, and from distributing such images to the public, Defendant County did not disclose the existence of Plaintiffs' Live Scan photos until Defendant's 30(b)(6) deposition. Leung Decl. ¶5.

Plaintiffs' proposed Second Amended Complaint additionally removes Plaintiffs' state constitutional claim[1], and removes Defendants Does 1-4 and 6-20.

C. Additional Proposed Amendments After The Parties' Meet and Confer

Plaintiffs' remaining proposed amendments further clarify and streamline Plaintiffs' causes of action, partly in response to defense counsel's feedback during the meet and confer process. *See* Leung Decl. During the September 25th meet and confer, Defendants' counsel asked Plaintiffs to clarify whether (1) Plaintiffs' Failure to Train claim is a *Monell* claim, and (2) whether the Plaintiffs' negligence theory under their existing seventh cause of action should instead be framed as a Failure to Discharge a Mandatory Duty claim. *Id*. ¶16.

Plaintiffs accordingly made additional amendments in the SAC to reframe and consolidate Plaintiffs' existing *Monell* claims.[2] The amendments clarify that County Defendants' failure to train OCSD staff on protecting the statutory and constitutional rights of those who wear the hijab is an independent basis for *Monell* liability, in addition to the County Defendants' policies and customs regarding removal of the hijab during the booking and Live Scan process. Ex. A ¶¶151-66.

The proposed SAC also consolidates Plaintiffs' California Penal Code section 2607 claim and negligence theory against County Defendants under a single cause of

---

[1] *See* Fourth Cause of Action in First Am. Compl., Dkt. No. 21 ¶¶158-61.

[2] *Compare* Third and Fourth Causes of Action in First Am. Compl., Dkt. 21 ¶¶144-61, *with* Second Cause of Action in SAC, Ex. A. ¶¶151-58.

action plead as Failure to Perform a Mandatory Duty.[3] The SAC maintains a negligence claim against Defendant Jiovanni Mier (a.k.a. Doe 5 in the operative complaint) and Defendant County, but as mentioned above, dismisses the remaining Does. Ex. A ¶177-85.Plaintiffs sent the updated amended complaint to defense counsel on September 30, 2026. Leung Decl. ¶20. Defendant County declined to stipulate to Plaintiffs' filing of the proposed Second Amended Complaint, but provided no substantive basis for its refusal. *Id*. ¶¶ 21-2.

## III. <u>Legal Standard</u>

Under FRCP 15(a), leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Requests for amendments "should be allowed with 'extreme liberality.'" *Butler v. Robar Enters., Inc.*, 208 F.R.D. 621, 622 (C.D. Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Courts may decline to grant leave to amend only if there is strong evidence of (1) undue delay, (2) bad faith, (3) undue prejudice, or (4) futility of amendment. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Among those factors, the Ninth Circuit has held that it is the consideration of undue prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent undue prejudice, or a strong showing

[3] *Compare* Sixth and Seventh Causes of Action in the First Am. Compl., Dkt. No. 21 ¶¶166-76 *with* Third Cause of Action in the SAC, Ex. A ¶¶167-76.

of any of the remaining factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id.*

## IV. **Argument**

### *A. Plaintiffs' Motion Is Timely And Without Undue Delay*

Courts have applied a presumption in favor of granting leave to amend, pursuant to FRCP 15(a), where the movant seeks leave to amend before the deadline to amend set by the court. *See e.g., Marceaux v. Costco Wholesale Corp.*, No. EDCV 26-03372-KK-ASX, 2026 WL 2547405, at *2 (C.D. Cal. Aug. 28, 2026); *Pena v. Bobs Disc. Furniture, LLC*, No. EDCV 26-03319-KK-PVCX, 2026 WL 2364768, at *2 (C.D. Cal. Aug. 13, 2026). Here, the deadline to amend and add parties is November 2, 2026. *See* Dkt. No. 50. Plaintiffs' motion is therefore timely, and a presumption in favor of granting Plaintiffs' motion applies. Moreover, the dates contained in the Court's scheduling order are the same deadlines the Parties agreed upon and jointly requested in their July 2, 2026 stipulation to modify the scheduling order. Dkt. No. 49. Plaintiffs' motion is also made without undue delay. The substantive proposed amendments to Plaintiffs' complaint are based on facts Plaintiffs recently learned through diligently engaging in fact discovery. Plaintiffs, for example, did not learn about the Live Scan photographs until Defendant County's 30(b)(6) deposition on August 28, 2026. Leung Decl. ¶5. Plaintiffs sought to amend the operative complaint promptly thereafter.

*B. Granting Plaintiffs Leave To Amend Would Not Unduly Prejudice Defendants*

As the party opposing the proposed amendments, Defendants carry the burden of showing undue prejudice. *Chang v. Cashman*, 723 F. Supp. 3d 772, 782 (N.D. Cal. 2024) ("Prejudice is the factor that carries the most weight, and the burden of showing undue prejudice falls on the party opposing the proposed amendment.") (citing *Eminence Cap.*, 316 F.3d at 1052). Here, Defendants cannot establish undue prejudice because none of Plaintiffs' proposed amendments should come as a surprise to Defendants. Plaintiffs have been transparent, since the beginning of this action, as to their intention to file an amended complaint to identify Doe Defendants, *see* Dkt. No. 1 ¶12; *see also* Dkt No. 21, ¶12, a fact that Defendants acknowledge, Leung Decl. ¶12.

Similarly, Plaintiffs' amendment adding the Defendant County to the *existing* negligence and intentional infliction of emotional distress ("IIED") claims, is pursuant to California Government Code section 815.2. The Defendant County is already a defendant in this action, and therefore cannot claim prejudice due to a lack of knowledge or notice as to those tort claims. *See Ciampi v. City of Palo Alto*, No. 09-CV-02655-LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010) (granting leave to amend and finding no undue prejudice resulting from adding an already-named defendant to a cause of action).

Additionally, Plaintiffs' amendments alleging additional injuries in the SAC are based on facts Plaintiffs recently learned from Defendants through discovery. These

additional facts, such as facts relating to the Live Scan photographs, are facts Defendants have known or had in their possession all along.

Further, rather than prejudicing Defendants, Plaintiffs' proposed changes that clarify, narrow and consolidate existing claims benefit all Parties. Plaintiffs' proposed SAC dismisses all Doe Defendants except for one ("Doe Defendant 5" substituted as "Jiovanni Mier"), and removes Plaintiffs' state constitutional claim. Plaintiffs' reframing of their penal code 2607 claim as a Failure to Perform a Mandatory Duty claim against County Defendants, was prompted by defense counsel's suggestions during the Parties' September 25, 2026 meet and confer. Leung Decl. ¶16. The proposed SAC additionally removes individual Defendants from that claim. *See* Ex. A. ¶¶167-70. Finally, Plaintiffs' consolidation of their *Monell* claims under a single cause of action, with additional detail on the failure to train claim, are made in response to defense counsel's feedback that it was not clear Plaintiffs' failure to train claim was a *Monell* claim. Leung Decl. ¶16.

Granting Plaintiffs leave to amend would also be nonprejudicial to Defendants because discovery is ongoing, and no dispositive motions have been filed at the time of this motion. *Argueta v. J.P. Morgan Chase*, No. CIV. 2:11-441 WBS, 2011 WL 4006686, at *1 (E.D. Cal. Sept. 8, 2011) ("Prejudice exists where amendment will significantly hinder a defendant's ability to defend against the plaintiff's claims, as in cases where discovery has already been completed or when the amendment will require relitigation of significant issues."); *see Talwar v. Creative Labs, Inc.*, No. CV05-3375FMC(AJWX), 2007 WL 1723609, at *5 (C.D. Cal. June 14, 2007) (finding no undue prejudice and

granting leave to amend even when the discovery cut-off "[was] only weeks away" because the Court was "not persuaded that the additional discovery wil be unduly burdensome.").

*C. The Remaining Factors, Bad Faith and Futility, Are Absent*

Plaintiffs' Motion for Leave to Amend is brought in good faith, based on additional facts and information obtained through discovery. Plaintiffs' proposed amendments seek only to name a Doe defendant, clarify Plaintiffs' injuries, clarify the County is vicariously liable for its employees' torts, and specify and streamline existing claims.

A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988). "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citations omitted); *see also Argueta,* 2011 WL 4006686, at *1 (E.D. Cal. Sept. 8, 2011) (explaining that denial on the ground of futlity is rare and courts can generally defer consideration on futility until after leave to amend is granted).

Defendants answered the operative complaint on November 5, 2025. Dkt. No. 24. Plaintiffs' proposed amendments in the SAC do not allege substantially new or

unexpected causes of action or theories of liability. The amendments are not futile, and the proposed complaint states causes of action that can potentially lead to relief. As such, Plaintiffs should be permitted to file their Second Amended Complaint.

## V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File Second Amended Complaint.

DATED: October 05, 2026

Respectfully submitted,

**ASIAN LAW CAUCUS**

Date: October 05, 2026

By: */s/ Kimberly Leung*
MEGAN VEES
KIMBERLY LEUNG

**COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA**

Date: October 05, 2026

By: */s/ Dina Chehata*[4]
DINA CHEHATA
AMR SHABAIK
CAMILAH HAMIDEH

*Counsel for Plaintiffs*

[4] Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Salma Nasoordeen and Hasna Aini, certifies that this brief contains 3,092 words, which complies with the word limit of L.R. 11-6.1.

Date: October 05, 2026

By: */s/ Kimberly Leung*
KIMBERLY LEUNG